UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT W. GLAZEWSKI,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BARNETT, *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action No. 22-1877 (JXN)(JSA)<br><br>**OPINION** |

**NEALS**, District Judge

　　Before the Court is *pro se* Plaintiff Vincent W. Glazewski's ("Plaintiff") civil rights Complaint ("Complaint), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-2). Based on his application, the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

　　The Court must now review Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim.

**I.　BACKGROUND**

　　The Court construes the factual allegations of the Complaint as true for the purposes of this screening only. On or about April 1, 2022, Plaintiff, a civil detainee confined in the Special Treatment Unit ("STU"), in Avenel, New Jersey, filed his Complaint in this matter. (*See* ECF No.

1.) The Complaint raises claims regarding the unreasonable search of Plaintiff's cell in violation of the Fourth Amendment and discrimination in violation of the equal protection clause against Defendant Barnett and claims regarding failure to treat and failure to provide Plaintiff with a final commitment hearing in violation of his due process rights against Defendants John and Jane Doe officers or supervisors of the STU. (*See generally id.*)

Plaintiff submits that on March 16, 2022, Defendant Barnett "effectuate[d] a[n] illegal search of Plaintiff's cell" for twenty-five minutes. (*Id.* at 3.) The Complaint alleges that Defendant Barnett searched the cells of other individuals for only five to six minutes, while he searched Plaintiff's cell for twenty-five minutes. (*Id.* at 6.) Defendant Barnett tossed Plaintiff's property in piles on his bunk, on the floor, and in the sink where the items "could be wet from water that runs in the sink." (*Id.* at 3.) "Additionally, the sink is directly over the toilet which would have caught any of the times that were tossed in the sink [and] possible to be diverted to the toilet." (*Id.*) Plaintiff submits Defendant Barnett tore Plaintiff's "1040-X" Internal Revenue Service form and placed his hands in Plaintiff's spices after having his hands inside Plaintiff's boots. (*Id.*) Plaintiff claims Defendant Barnett acted with deliberate indifference when he "failed to use care that a reasonably prudent person would have used in this circumstance that damaged [Plaintiff's] property." (*Id.*)

Plaintiff asserts that the "written policy of the prison system [is] that an officer can search at any time [but] the unwritten policy of the STU was that the residents would be subjected to searches only if there was probable cause to do so." (*Id.* at 9.) Plaintiff appears to allege that the new Administrator at the Adult Diagnostic Treatment Center, which neighbors the STU, is the reason for the cell searches at the STU and the increase in searches shows an unwritten policy. (*Id.* at 9.)

2

Plaintiff claims Defendant Barnett racially discriminated against Plaintiff, as he only targeted the cells of white committees. (*Id.* at 6.) Plaintiff also alleges he was targeted because Plaintiff articulated that Defendant was "locking down" the unit earlier than called for in the Resident's Guidebook. (*Id.* at 6-7.) Plaintiff submits Defendant Barnett has a pattern of "going after individuals that do not conform to [his] whims or [] that is the opposite of [] [D]efendant's color." (*Id.* at 6.) Plaintiff states that "if [he] has a mental condition," that subjects Plaintiff to "mental health treatment than the Defendants must make a decision as to the treatment of residents of the STU" and the lack of training to staff "is deliberate indifferen[ce] to provide a safe and secure facility." (*Id.* at 7.) Finally, Plaintiff submits that he is not officially committed as a Sexually Violent Predator ("SVP"), as he has not had his twenty-day hearing as outlined in the Sexually Violent Predator Act ("SVPA"). (*Id.* at 6, 8.) Plaintiff alleges he is being held illegally without a hearing and without due process of law. (*Id.* at 10.)

Plaintiff seeks monetary damages in the amount of fifty-million-dollars and injunctive relief. (*Id.* at 4.) Specifically, he seeks to be transferred to a facility where there are no prison guards and an injunction to protect him from future retaliation or torture. (*Id.*)

## II.   STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

3

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.  DISCUSSION

Plaintiff's Complaint asserts Defendants are liable to him under 42 U.S.C. § 1983 based on claims of Fourth Amendment unreasonable search, Fourteenth Amendment Equal Protection, Fourteenth Amendment inadequate treatment, and Fourteenth Amendment procedural due process. (*See generally* ECF No. 1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

Here, the Court construes Plaintiff's Complaint to allege claims for relief against Defendants Barnett and John and Jane Doe officers or supervisors of the STU.

### A. Failure to State a Claim

#### *1. Fourth Amendment Unreasonable Search*

The Court construes Plaintiff's allegations as raising a claim that Defendant Barnett's search of Plaintiff's cell infringed on his Fourth Amendment right to be free of unreasonable searches and seizures. (*See generally* ECF No. 1.)

While civilly committed individuals retain some right to privacy, it is not equal to individuals in general society. The Fourth Amendment of the Constitution of the United States guarantees a right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. The Supreme Court has held that "prisoners have no legitimate expectation of privacy . . . and the Fourth Amendment's prohibition on unreasonable searches [and seizures] does not apply in prison cells." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *see Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The defendants correctly assert that prisoners do not have a Fourth Amendment right to

5

privacy in their cells." (citing *Hudson*, 568 U.S. at 529)). In *Hudson*, the Supreme Court observed that:

> A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order . . . [S]ociety would insist that the prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security . . . [I]t is accepted by our society that loss of freedom of choice and privacy are inherent incidents of confinement.

468 U.S. at 527-28 (footnotes, citations and internal quotation marks omitted). Whether a search or seizure is reasonable "'depends on all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself.'" *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 618 (1989) (quoting *United States v. Montoya de Hernandez*, 473 U.S. 531, 537 (1985)). "[T]he permissibility of a particular practice is judged by balancing its intrusions on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *Id.* at 619 (internal quotation marks omitted); *see also Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Factors to consider in determining the reasonableness of a search include "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell*, 441 U.S. at 559. As to civilly committed persons, the Supreme Court has applied the *Bell v. Wolfish* test, which balances a person's Fourth Amendment interests against legitimate governmental interests. *See Youngberg v. Romeo*, 457 U.S. 307, 320–22 (1982) (citing *Bell*, 441 U.S. at 539).

Here, Plaintiff alleges facts of only one isolated search of his cell which lasted for approximately twenty-five minutes, which are generally permissible given the legitimate governmental interests of maintaining security. Random cell searches are not unreasonable because detainees lack an expectation of privacy in their cells, and such a search is constitutionally permissible. *See Bell*, 441 U.S. at 558–560. Plaintiff provides no factual detail regarding the

6

circumstances surrounding the search of his cell. Plaintiff's cursory allegation that the cell search was unreasonable is insufficient to state a Fourth Amendment claim. *Id.* at 558. Without further facts regarding the circumstances of the search, the claim cannot proceed at this time, and it is dismissed without prejudice. *See Iqbal*, 556 U.S. at 678.

### 2. *Equal Protection Clause*

The Court construes Plaintiff's Complaint as raising a claim that he was discriminated against in violation of the Equal Protection Clause of the Fourteenth Amendment. (*See* ECF No. 1 at 6-8.)

The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. To bring a successful claim pursuant to § 1983 for a denial of equal protection, a plaintiff must plead sufficient facts to indicate the existence of purposeful discrimination and that he was treated differently than others similarly situated to him. *See Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009). "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'" *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted).

Plaintiff alleges that Defendant Barnett racially discriminated against Plaintiff, as he only targeted the cells of white committees. (*Id.* at 6.) Plaintiff submits Defendant Barnett has a pattern of going after individuals who are "the opposite of [] [D]efendant's color." (*Id.* at 6.) Plaintiff provides no supporting factual allegations to show that the detainees whose cells were not searched were similarly situated to Plaintiff in any way, such as if they were of a similar classification or status. Additionally, aside from the conclusory argument that Defendant Barnett racially discriminated against Plaintiff, Plaintiff provides not facts to show that Defendant Barnett's actions

7

were purposefully discriminatory. As noted above, Plaintiff fails to provide any facts regarding the circumstances of these cell searches. The Complaint fails to provide facts to support the necessary components of an equal protection claim. Plaintiff's Complaint fails to provide any allegations which even suggest these basic and rudimentary components of an equal protection claim. *Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir. 1992) ("To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiffs must prove the existence of purposeful discrimination. They must demonstrate that they received different treatment from that received by other individuals similarly situated.") Therefore, Plaintiff fails to state a claim for a violation of the Equal Protection Clause and this claim is dismissed without prejudice.

### 3. *First Amendment Retaliation*

Plaintiff does not explicitly allege a First Amendment retaliation claim; however, Plaintiff alleges that Defendant Barnett targeted him because he articulated that Defendant Barnett was "locking down" the unit earlier than called for in the Resident's Guidebook. (ECF No. 1 at 6-7.) Plaintiff submits Defendant Barnett has a pattern of "going after individuals that do not conform to [his] whims." (*Id.* at 6.)

Prison officials may not interfere with a prisoner's exercise of First Amendment rights unless interference is reasonably related to a legitimate penological interest, nor may prison officials retaliate against a prisoner for exercising his First Amendment rights. *See Turner v. Safley*, 482 U.S. 78, 90 (1987). An incarcerated plaintiff pleads a claim for retaliation by alleging that "(1) he engaged in constitutionally protected conduct[,] (2) he suffered an adverse action[,] and (3) the constitutionally protected conduct was a substantial or motivating factor for the adverse action." *Brant v. Varano*, 717 F. App'x 146, 149 (3d Cir. 2017); *see also Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir. 2001).

Plaintiff submits only that he "articulated" a complaint regarding Defendant Barnett. Plaintiff fails to plead facts to show in what manner he articulated his complaint. As such, the Court is unable to determine whether Plaintiff was engaged in constitutionally protected conduct. Plaintiff also does not demonstrate a causal connection between his complaint regarding the locking down of his unit and his cell being search. Plaintiff does not submit facts to show when his cell was searched in relation to when he "articulated" his complaint, nor does Plaintiff provide facts to show that Defendant Barnett was aware of the complaint. Even if Plaintiff were to show he was engaged in constitutionally protected conduct, without more information Plaintiff has failed to show his that conduct was the "motivating factor for the adverse action." *Varano*, 717 App'x at 149. Therefore, Plaintiff does not allege enough facts to proceed a retaliation claim at this time and this claim is dismissed without prejudice. *See Iqbal*, 556 U.S. at 678.

### 4. *Fourteenth Amendment Claim of Inadequate Treatment*

Plaintiff appears to argue that Defendants have violated his right to adequate mental health treatment as a civilly committed sex offender in violation of the Fourteenth Amendment. (ECF No. 1 at 7.) Although Plaintiff does not specify which Defendants he is raising this claim against, the Court construes the Complaint as bringing the claim against John and Jane Does officers and supervisors.

In *Learner v. Fauver*, 288 F.3d 532 (3d Cir. 2002), the Third Circuit held that, since the New Jersey's statutory scheme for sex offenders was predicated on the inmate's response to treatment, that statutory regime created a fundamental due process liberty interest in treatment. *Id.* at 545. The Court concluded that the defendants would therefore be liable to that plaintiff if the denial of adequate medical treatment was the result of deliberate indifference. *Id.* at 547. This same theory of liability has been applied to SVP plaintiffs. *See Thomas v. Adams*, 55 F.Supp.3d 552,

9

576-80 (D.N.J. 2014) ("when a prescribed medical treatment is denied, reduced, or changed for non-medical reasons, including financial, administrative or logistical, the [denied or reduced] treatment suggests an act of deliberate indifference and amounts to a violation of . . . substantive due process with regard to those mental patients whose sole hope for release hinges on obtaining their prescribed" treatment); *see also Miller v. Christie*, No. 10-2397 KSH, 2011 WL 941328, at *7 (D.N.J. Mar. 11, 2011) (finding that the Third Circuit's holding in *Learner* extends to an involuntarily committed sex offender under New Jersey's Sexual Violent Predator Act "SVPA").

Under this standard, however, Defendants' actions in denying Plaintiff his statutory right to treatment will be found unconstitutional under the Fourteenth Amendment only if they are so arbitrary or egregious as to shock the conscience. *See Wolfe v. Christie*, No. 10–2083 PGS, 2010 WL 2925145, at *14 (D.N.J. July 19, 2010) (citing *Learner*, 288 F.3d at 546-47 (substantive due process claim alleging inadequate treatment for committed sex offender "must focus on the challenged abuse of power by officials in denying [the plaintiff] the treatment regimen that was statutorily mandated and was necessary in order for his condition to improve, and thus for him to advance toward release").

Here, Plaintiff states that "if [he] has a mental condition," that subjects Plaintiff to "mental health treatment then the Defendants must make a decision as to the treatment of residents of the STU" and the lack of training to staff "is deliberate indifferen[ce] to provide a safe and secure facility." (*Id.* at 7.) Plaintiff's allegations are extremely generic, arguing only the Defendants are acting with deliberate indifference regarding treatment of residents. Plaintiff does not allege that he has a mental health condition or a prescribed course of treatment. Plaintiff fails to provide facts to show what, if any treatment is being provided, or that he has been prescribed treatment that is being withheld for non-medical reasons. *See Thomas*, 55 F. Supp. 3d at 576. Plaintiff's allegations

do not rise to the level of a substantive due process violation, i.e., conscious-shocking conduct. Plaintiff has therefore not plead a facially plausible claim that Defendants have denied him adequate treatment as required by the Due Process Clause of the Fourteenth Amendment. *Iqbal*, 556 U.S. at 677–79. As such, Plaintiff's Fourteenth Amendment inadequate treatment claim is dismissed without prejudice.

### 5. *Procedural Due Process Violation*

Finally, Plaintiff submits that he is not officially committed as an SVP, as he has not had his twenty-day hearing as outlined in the SVPA. (ECF No. 1 at 6, 8.) Plaintiff alleges he is being held illegally without a hearing and without due process of law. (*Id.* at 10.)

The New Jersey Sexually Violent Predator Act provides for the civil commitment of individuals convicted of a sexually violent offense who qualify as "sexually violent predators." N.J.S.A. 30:4–27.26.4 The SVPA defines a sexually violent predator as a:

> person who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for commission of a sexually violent offense, or has been charged with a sexually violent offense but found to be incompetent to stand trial, and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment.

N.J.S.A. 30:4–27.26(b).

When it appears that a person may meet the criteria of an SVP, an "agency with jurisdiction" provides "written notice to the Attorney General 90 days, or as soon as practicable" before the anticipated release of the individual. N.J.S.A. 30:4–27.26, 30:4–27.27(a)(1). If the Attorney General determines that public safety warrants the involuntary civil commitment of an SVP, the Attorney General may initiate a court proceeding by presenting to a judge for immediate review the certification of two doctors, one of whom must be a psychiatrist, who have examined the person no more than three days before the petition for commitment. *See* N.J.S.A. 30:4–27.28;

11

30:4–27.26. The court then conducts a temporary commitment hearing and determines if probable cause exists to believe that the person in an SVP. N.J.S.A. 30:4–27.28(f). If the court finds probable cause, it issues an order authorizing temporary commitment to a secure facility, pending a final hearing. *Id.* The SVPA mandates that the individual under a temporary commitment order shall not be released from confinement before the final hearing, which will be scheduled within twenty (20) days after the initial hearing. N.J.S.A. 30:4–27.28(f), 30:4–27.29(a).

The Fourteenth Amendment that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. Due process is a flexible concept, which "calls for such procedural protections as the particular situation demands". *Gilbert v. Homar*, 520 U.S. 924, 930 (1997) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). It "is not a technical conception with a fixed content unrelated to time, place and circumstances." *Gilbert*, 520 U.S. at 930 (quoting *Cafeteria & Restaurant Workers Union, Local 473 v. McElroy*, 367 U.S. 886, 895, reh'g denied, 368 U.S. 869 (1961)). Determining what is required to satisfy due process under a "given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." *Cafeteria & Restaurant Workers Union*, 367 U.S. at 895.

Here, Plaintiff argues his due process rights have been violated because he has not received a final commitment hearing within the twenty-day period proscribed. Even assuming Plaintiff could bring a procedural due process claim for failure to receive a timely hearing, Plaintiff fails to submit any supporting factual allegations that would indicate a procedural due process violation. Plaintiff does not provide facts or circumstances about the process he was provided by the state or the circumstances surrounding the delayed hearing, rather he merely asserts the state did not give him the final hearing within twenty days. Plaintiff fails to submit facts regarding when he received

his temporary commitment hearing, how long he has been detained under the temporary commitment order, or any reason for the alleged delay in his final commitment hearing. Without further information, the Court is unable to determine if Plaintiff's procedural due process rights were violated and by whom. Plaintiff has not plead a facially plausible procedural due process claim. *Iqbal*, 556 U.S. at 677–79. Therefore, this claim is dismissed without prejudice.

## IV.   CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice for failure to state a claim.[1] The Court shall give Plaintiff thirty days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

**DATED:** June 7, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[1] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over any potential state law claim Plaintiff may have been attempting to bring. *See* U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.")